UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE WENNER and GRANT WENNER, husband and wife<br>4083 Robert Road<br>Emmaus, PA 18049<br><br>and<br><br>JUDITH SNYDER and RICHARD SNYDER, husband and wife<br>1915 East Tremont Street<br>Allentown, PA 18109<br><br>and<br><br>CHRISTOPHER SNYDER,<br>1915 East Tremont Street<br>Allentown, PA 18109<br>        Plaintiffs<br><br>-v-<br><br>THOMAS C. RIEBEL<br>R.D. 2, Box 655<br>Selbyville, DE 19170<br>        Defendant | JURY TRIAL DEMANDED<br><br><br><br>NO: |

## COMPLAINT

I. **PARTIES**

1. The Plaintiff, Stephanie Wenner, is an adult individual who is married to Plaintiff, Grant Wenner. At all relevant times hereto, Plaintiffs Stephanie and Grant Wenner resided at 4083 Robert Road, Emmaus, Lehigh County, Pennsylvania 18049.

2. The Plaintiff, Judith Snyder, is an adult individual who is married to Plaintiff, Richard Snyder. At all relevant times hereto, Plaintiffs Judith and Richard Snyder were residing at 1915 East Tremont Street, Allentown, Lehigh County, Pennsylvania 18109.

3.  The Plaintiff, Christopher Snyder, is an unmarried adult individual who at all relevant times was residing at 1915 East Tremont Street, Allentown, Lehigh County, Pennsylvania 18109.

4.  The Defendant, Thomas C. Riebel, ("Riebel") is an adult individual who at all relevant times was residing at R.D. 2, Box 655, Selbyville, Delaware 19170.

## II.  JURISDICTION AND VENUE

5.  At all times relevant hereto, the Plaintiffs were citizens of the Commonwealth of Pennsylvania, and the Defendant, Thomas C. Riebel, was a citizen of the State of Delaware. The matter in controversy, exclusive of interest and costs, exceeds the sum specified in 28 U.S.C. §1332.

6.  Venue is proper in the District of Delaware for the reason that the incident complained of took place in Delaware, and Riebel resides in Delaware.

## III.  STATEMENT OF CLAIM

7.  On August 19, 2003, at approximately 5:07 p.m., Riebel was operating a 1999 Chevy GM4 pick-up truck with Delaware registration CL91773, which struck an automobile operated by Plaintiff, Stephanie Wenner, in which Plaintiff, Judith Snyder, and Plaintiff, Christopher Snyder, were passengers.

8.  Plaintiff Stephanie Wenner was slowing her vehicle, in anticipation of coming to a complete stop at a traffic signal, with several vehicles ahead of her vehicle, in the westbound driving lane of State Road 26 (Atlantic Avenue), at or near its intersection with County Road 359 (Old Mill Road) in Millville, Delaware.

9.  Riebel was operating his vehicle directly behind Plaintiffs' vehicle.

10. Riebel did not bring his vehicle to a stop, and thereby forcefully collided with the rear of Plaintiffs' vehicle, thereby causing Plaintiffs' vehicle to be pushed into the rear of a vehicle

2

in front of it.

11. At all times relevant hereto, Plaintiff, Stephanie Wenner, was operating her automobile in a prudent and safe manner, and had her vehicle completely under control until such time as it was hit by Riebel.

## COUNT I

## STEPHANIE WENNER v. THOMAS C. RIEBEL

12. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth at length.

13. Riebel was operating his vehicle in a negligent manner and thereby caused the collision. Riebel's negligence includes:

    a. failure to pay proper attention to his driving, traffic conditions, the roadway, and other vehicles around him;

    b. operating his vehicle at an unsafe speed;

    c. failure to bring his vehicle to a stop before striking Plaintiffs' vehicle;

    d. failure to maintain proper control of his vehicle;

    e. failure to keep alert and maintain a proper lookout for other traffic;

    f. operating his vehicle in such a manner as to endanger persons and property, and with careless disregard for the rights and safety of others.

14. Plaintiff Stephanie Wenner suffered severe and permanent injuries as a result of the collision, including, but not limited to: multiple traumatic injuries to her back, neck and abdomen, and bruises and contusions to her body, some of which have been continuing in nature and may be permanent.

15. Furthermore, since the time of the accident, Plaintiff Stephanie Wenner has experienced ongoing pain, discomfort, difficulty sleeping, and has had to seek medical attention, therapies, and take medications to control her discomfort.

16. Furthermore, since the time of the accident, Plaintiff Stephanie Wenner has suffered and may continue to suffer for an indefinite period of time from serious injuries and serious impairment of body functions that have interfered with her normal activities.

17. Furthermore, since the time of the accident, Plaintiff Stephanie Wenner has suffered and will continue to suffer for an indefinite time in the future severe pain, suffering, and emotional distress, and a permanent diminution in the ability to enjoy life and life's pleasures.

18. As a result of the accident, Plaintiff Stephanie Wenner has been, and will in the future be obliged to receive and undergo medical attention and care and to incur various medical expenses and losses associated therewith.

19. All of the injuries and damages sustained by Plaintiff Stephanie Wenner are a direct and proximate result of the negligence of Defendant Riebel, as described more fully herein.

**WHEREFORE**, Plaintiff Stephanie Wenner requests damages to be assessed against Defendant in an amount sufficient to compensate her for her injuries and damages, and does hereby state that the amount claimed, alone or in combination with the other claims set forth in this Complaint, is in excess of Seventy-Five Thousand Dollars.

## COUNT II

## GRANT WENNER v. THOMAS C. RIEBEL

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth at length.

21. As a result of the negligence of Defendant, Plaintiff Grant Wenner has been and will

4

be deprived of the assistance, companionship and consortium of his spouse, all of which has been and will be to his great detrimental loss.

**WHEREFORE**, Plaintiff Grant Wenner requests damages to be assessed against Defendant in an amount sufficient to compensate him for his injuries and damages, and does hereby state that the amount claimed, alone or in combination with the other claims set forth in this Complaint, is in excess of Seventy-Five Thousand Dollars.

## COUNT III

## JUDITH SNYDER v. THOMAS C. RIEBEL

22.  Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth at length.

23.  As a direct and proximate result of the collision described herein, which was the result of the negligence of Defendant Riebel as more particularly set forth in Count I of this Complaint, Plaintiff Judith Snyder suffered severe and permanent injuries, including, but not limited to: multiple traumatic injuries to her chest, ribs, back, and neck, and bruises and contusions to her body, some of which have been continuing in nature and may be permanent.

24.  Furthermore, at the time of the accident, Plaintiff Judith Snyder suffered from pre-existing costochondritis, which condition has been severely and seriously exacerbated as a result of the accident, resulting in a more serious condition, with degradation and worsening of her physical health and underlying medical condition.

25.  Furthermore, since the time of the accident, Plaintiff Judith Snyder has experienced ongoing pain, discomfort, tremendous difficulty sleeping, and has had to seek medical attention, therapies, and take medications to control her discomfort.

5

26. Furthermore, since the time of the accident, Plaintiff Judith Snyder has suffered and may continue to suffer for an indefinite period of time from serious injuries and serious impairment of body functions that have interfered with her normal activities.

27. Furthermore, since the time of the accident, Plaintiff Judith Snyder has suffered and will continue to suffer for an indefinite time in the future severe pain, suffering, and emotional distress, and a permanent diminution in the ability to enjoy life and life's pleasures.

28. As a result of the accident, Plaintiff Judith Snyder has been, and will in the future be obliged to receive and undergo medical attention and care and to incur various medical expenses and losses associated therewith.

29. All of the injuries and damages sustained by Plaintiff Judith Snyder are a direct and proximate result of the negligence of Defendant Riebel, as described more fully herein.

**WHEREFORE**, Plaintiff Judith Snyder requests damages to be assessed against Defendant in an amount sufficient to compensate her for her injuries and damages, and does hereby state that the amount claimed, alone or in combination with the other claims set forth in this Complaint, is in excess of Seventy-Five Thousand Dollars.

## COUNT IV

## RICHARD SNYDER v. THOMAS C. RIEBEL

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth at length.

31. As a result of the negligence of Defendant, Plaintiff Richard Snyder has been and will be deprived of the assistance, companionship and consortium of his spouse, all of which has been and will be to his great detrimental loss.

**WHEREFORE**, Plaintiff Richard Snyder requests damages to be assessed against Defendant in an amount sufficient to compensate him for his injuries and damages, and does hereby state that the amount claimed, alone or in combination with the other claims set forth in this Complaint, is in excess of Seventy-Five Thousand Dollars.

## COUNT V

## CHRISTOPHER SNYDER v. THOMAS C. RIEBEL

32.  Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth at length.

33.  As a direct and proximate result of the collision described herein, which was the result of the negligence of Defendant Riebel as more particularly set forth in Count I of this Complaint, Plaintiff Christopher Snyder suffered severe and permanent injuries, including, but not limited to: multiple traumatic injuries to his head, neck and back, and bruises and contusions to his body, some of which have been continuing in nature and may be permanent.

34.  Furthermore, at the time of the accident, Plaintiff Christopher Snyder had had a pre-existing medical condition consisting of a brain tumor for which he had been treated successfully many years previously; however, as a result of said prior condition, Christopher Snyder was unable to avail himself of some therapies after this accident which would otherwise have been available to him, including, but not limited to, chiropractic treatment. As a result thereof, Plaintiff Christopher Snyder was forced to limit his medical treatment, which would otherwise have been necessary and warranted, and thereby had to endure pain and discomfort without adequate treatment.

35.  Furthermore, since the time of the accident, Plaintiff Christopher Snyder has experienced ongoing pain, discomfort, difficulty sleeping, and has had to seek medical attention, therapies, and take medications to control his discomfort.

36. Furthermore, since the time of the accident, Plaintiff Christopher Snyder has suffered and may continue to suffer for an indefinite period of time from serious injuries and serious impairment of body functions that have interfered with his normal activities.

37. Furthermore, since the time of the accident, Plaintiff Christopher Snyder has suffered and will continue to suffer for an indefinite time in the future severe pain, suffering, and emotional distress, and a permanent diminution in the ability to enjoy life and life's pleasures.

38. As a result of the accident, Plaintiff Christopher Snyder has been, and will in the future be obliged to receive and undergo medical attention and care and to incur various medical expenses and losses associated therewith.

39. All of the injuries and damages sustained by Plaintiff Christopher Snyder are a direct and proximate result of the negligence of Defendant Riebel, as described more fully herein.

**WHEREFORE**, Plaintiff Christopher Snyder requests damages to be assessed against Defendant in an amount sufficient to compensate him for his injuries and damages, and does hereby state that the amount claimed, alone or in combination with the other claims set forth in this Complaint, is in excess of Seventy-Five Thousand Dollars.

**Dated: August 11, 2005**        **BY:** _____
Paul J. Dougherty III (DE # 3825)
GEBHARDT & SMITH LLP
901 Market Street, Suite 451
Wilmington, Delaware 19801
302-656-9002

and

Susan Ellis Wild
GROSS, McGINLEY, LaBARRE & EATON, LLP
33 South Seventh Street
PO Box 4060
Allentown, Pennsylvania 18105
610-820-5450